| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **To:** | NYSD CourtMail |
| **Subject:** | Activity in Case 1:25-cv-04699-PAE Teman v. United States Probation Service et al USCA Appeal Fees |
| **Date:** | Wednesday, October 29, 2025 10:35:38 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 10/29/2025 at 10:35 AM EDT and filed on 10/29/2025

**Case Name:** Teman v. United States Probation Service et al
**Case Number:** 1:25-cv-04699-PAE
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**USCA Appeal Fees received $ 605.00 receipt number 44273 on 10/29/2025 re: [12] Notice of Interlocutory Appeal filed by Ari Teman..(nd)**

**1:25-cv-04699-PAE Notice has been electronically mailed to:**

**1:25-cv-04699-PAE Notice has been delivered by other means to:**

Ari Teman

STAYED,APPEAL,30/60,ECF,PRO–SE,RELATED

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:25–cv–04699–PAE

Teman v. United States Probation Service et al  
Assigned to: Judge Paul A. Engelmayer  
Related Case: 1:24–cv–08278–PAE  
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/01/2025  
Jury Demand: None  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: Federal Question

**Plaintiff**

**Ari Teman**     represented by  **Ari Teman**  
    PRO SE

V.

**Defendant**

**United States Probation Service**

**Defendant**

**Riselda Ruiz**  
*Chief United States Probation Officer, in her official capacity*

**Defendant**

**John Carles**  
*Supervising Probation Officer, in his official capacity*

**Defendant**

**John Carles**  
*in his individual capacity*

**Defendant**

**Jacob Guttwillig**  
*Assistant U.S. Attorney, in his official capacity*

**Defendant**

**Jacob Guttwillig**  
*in his individual capacity*

**Defendant**

**Department of Justice Administrative Office of the U.S. Courts**

**Defendant**

**Harmeet Dhillon**  
*Head of DOJ Civil Rights Division, in her official capacity*

**Defendant**

**Department of Justice Civil Rights Division**

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 06/01/2025 | 1 | COMPLAINT against John Carles(Supervising Probation Officer, in his official capacity), John Carles(in his individual capacity ), Department of Justice Administrative Office of the U.S. Courts, Department of Justice Civil Rights Division, Harmeet Dhillon, Jacob Guttwillig(Assistant U.S. Attorney, in his official capacity ), Jacob Guttwillig(in his individual capacity ), Riselda Ruiz, United States Probation Service. Document filed by Ari Teman. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7)(tro) (Entered: 06/05/2025) |
| 06/01/2025 | | Case Designated ECF. (tro) (Entered: 06/05/2025) |
| 06/05/2025 | 2 | STANDING ORDER IN RE CASES FILED BY PRO SE PLAINTIFFS (See 24–MISC–127 Standing Order filed March 18, 2024). To ensure that all cases heard in the Southern District of New York are handled promptly and efficiently, all parties must keep the court apprised of any new contact information. It is a party's obligation to provide an address for service; service of court orders cannot be accomplished if a party does not update the court when a change of address occurs. Accordingly, all self–represented litigants are hereby ORDERED to inform the court of each change in their address or electronic contact information. Parties may consent to electronic service to receive notifications of court filings by email, rather than relying on regular mail delivery. Parties may also ask the court for permission to file documents electronically. Forms, including instructions for consenting to electronic service and requesting permission to file documents electronically, may be found by clicking on the hyperlinks in this order, or by accessing the forms on the courts website, nysd.uscourts.gov/forms. The procedures that follow apply only to cases filed by pro se plaintiffs. If the court receives notice from the United States Postal Service that an order has been returned to the court, or otherwise receives information that the address of record for a self–represented plaintiff is no longer valid, the court may issue an Order to Show Cause why the case should not be dismissed without prejudice for failure to comply with this order. Such order will be sent to the plaintiffs last known address and will also be viewable on the court's electronic docket. A notice directing the parties' attention to this order shall be docketed (and mailed to any self–represented party that has appeared and has not consented to electronic service) upon the opening of each case or miscellaneous matter that is classified as pro se in the court's records. (Signed by Chief Judge Laura Taylor Swain on 3/14/2024) (tro) (Entered: 06/05/2025) |
| 06/05/2025 | | CASE MANAGEMENT NOTE: For each electronic filing made in a case involving a self–represented party who has not consented to electronic service, the filing party must serve the document on such self–represented party in a manner permitted by Fed. R. Civ. P. 5(b)(2) (other than through the ECF system) and file proof of service for each document so served. Please see Rule 9.2 of the courts ECF Rules & Instructions for further information..(tro) (Entered: 06/05/2025) |
| 06/06/2025 | | MAILING RECEIPT: Document No: 2. Mailed to: Ari Teman . (kma) (Entered: 06/06/2025) |
| 06/16/2025 | 7 | CASE ACCEPTED AS RELATED. Create association to 1:24–cv–08278–PAE. Notice of Assignment to follow. (tro) (Entered: 06/17/2025) |
| 06/17/2025 | | NOTICE OF CASE REASSIGNMENT to Judge Paul A. Engelmayer. Judge Unassigned is no longer assigned to the case. (tro) (Entered: 06/17/2025) |
| 06/17/2025 | | Magistrate Judge Henry J. Ricardo is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (tro) (Entered: 06/17/2025) |
| 06/18/2025 | 8 | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION: To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees–a $350.00 filing fee plus a $55.00 administrative fee––or request authorization to proceed informa pauperis (IFP), that is, without prepayment of fees, by submitting a signed IFP application. See 28 U.S.C. §§ 1914, 1915. Teman submitted the Complaint without the filing fees or an IFP application. Within 30 days of the date of this order, Teman must either pay the $405.00 in fees or submit the attached IFP application. Payment of the fees should be mailed to the following address: United States District Court for the |

| | | |
|---|---|---|
| | | Southern District of New York, Cashiers–Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or ce1tified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash. If Teman submits the IFP application, it should be labeled with docket number 25–CV–4699 (PAE). No summons shall issue at this time. If Teman complies with this order, the Court will determine whether this action, which in part challenges the execution of his sentence, is properly brought as a civil rights action. If Teman fails to comply with this order within the time allowed, the action will be dismissed without prejudice. Teman has not consented to electronic service or provided a mailing address, which it is his obligation to do. See 24–MISC–127 Standing Order filed March 18, 2024. This order is available on the electronic docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue). SO ORDERED. Filing Fee due by 7/18/2025. In Forma Pauperis (IFP) Application due by 7/18/2025. (Signed by Judge Paul A. Engelmayer on 6/18/2025) (tg) (Entered: 06/18/2025) |
| 06/20/2025 | | MAILING RECEIPT: Document No: 8. Mailed to: Ari Teman . (kma) (Entered: 06/20/2025) |
| 06/20/2025 | | Pro Se Payment of Fee Processed: $405.00 Check processed by the Finance Department on 06/20/2025, Receipt Number 40862. (sr) (Entered: 06/20/2025) |
| 07/08/2025 | 9 | ORDER: For all of these reasons, the Court hereby exercises its discretion to stay this action under the fugitive disentitlement doctrine. The Court will entertain an application to lift the stay upon a showing that Teman is no longer a fugitive. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 7/8/2025) (tg) (Entered: 07/08/2025) |
| 07/09/2025 | | MAILING RECEIPT: Document No: 9. Mailed to: Ari Teman . (kgo) (Entered: 07/09/2025) |
| 07/27/2025 | 10 | MOTION TO AMEND COMPLAINT TO ADD PAUL A. ENGELMAYER AS A DEFENDANT, DENY APPLICATION OF FUGITIVE DISENTITLEMENT DOCTRINE, REMOVE ALL STAYS, AND FOR RECUSAL OF JUDGE PAUL A. ENGELMAYER. Document filed by Ari Teman. (ar) (Entered: 07/29/2025) |
| 07/30/2025 | 11 | MEMO ENDORSEMENT denying 10 Motion to Amend/Correct. ENDORSEMENT: DENIED. See, e.g., Dekom v. Fannie Mae, No. 17 Civ. 2712, 2018 WL 11691249, at *1 (E.D.N.Y. Sept. 26, 2018) ("Generally, the fact that a litigant has named a judge as a defendant in a separate lawsuit does not require recusal."); In re Fischer, No. 12 Civ. 5397, 2013 WL 2316665, at *3 (E.D.N.Y. May 28, 2013) ("[T]he fact that [plaintiff] may have sought to add the undersigned to his seemingly unrelated matrimonial and state court actions does not necessitate recusal."); Kampfer v. Gokey, 955 F. Supp. 167, 170 (N.D.N.Y 1997) (a litigant may not "obtain recusal simply by filing a frivolous suit against the judge." (citation omitted)); Barraza–Greig, on Behalf of Greig v. New York Soc'y for Prevention of Cruelty to Child., No. 94 Civ. 6678, 1995 WL 791967, at *2 (S.D.N.Y. Aug. 22, 1995) ("Under well–established case law, [plaintiff's] suit against the Court does not cause my recusal, or that of the other judges of this Court.") SO ORDERED. (Signed by Judge Paul A. Engelmayer on 7/30/2025) (ar) (Entered: 07/30/2025) |
| 07/30/2025 | 12 | NOTICE OF INTERLOCUTORY APPEAL from 11 Order on Motion to Amend/Correct. Document filed by Ari Teman..(nd) (Entered: 07/31/2025) |
| 07/31/2025 | | MAILING RECEIPT: Document No: 11. Mailed to: Ari Teman . (kma) (Entered: 07/31/2025) |
| 07/31/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 12 Notice of Interlocutory Appeal..(nd) (Entered: 07/31/2025) |
| 07/31/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 12 Notice of Interlocutory Appeal filed by Ari Teman were |

|  |  |  |
|---|---|---|
|  |  | transmitted to the U.S. Court of Appeals..(nd) (Entered: 07/31/2025) |
| 10/29/2025 |  | USCA Appeal Fees received $ 605.00 receipt number 44273 on 10/29/2025 re: 12 Notice of Interlocutory Appeal filed by Ari Teman..(nd) (Entered: 10/29/2025) |